### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **TARA GRIFFIN** | ) | **CASE NO.** |
| **4260 AMERICANA DR., APT. 207** | ) | |
| **CUYAHOGA FALLS, OHIO 44224** | ) | **JUDGE** |
| | ) | |
| **PLAINTIFF** | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **V.** | ) | |
| | ) | |
| **CHIPOTLE MEXICAN GRILL, INC.** | ) | |
| **610 NEWPORT CENTER DR.,** | ) | |
| **SUITE 1100** | ) | |
| **NEWPORT BEACH, CA 92606** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

Now comes Plaintiff Tara Griffin pursuant to Fed. R. Civ. P. 8 and for her complaint against Chipotle Mexican Grill, Inc. would show the Court as follows:

### I.     PARTIES

1.  Plaintiff Tara Griffin is an individual residing Cuyahoga Falls, Ohio and at all times relevant hereto was an employee of Defendant Chipotle Mexican Grill as defined by 42 U.S.C. §2000e(f).

2.  Defendant Chipotle Mexican Grill, Inc., is a Delaware corporation authorized to do business in Ohio and at all times relevant hereto Chipotle was an employer as defined by 42 U.S.C. §2000e(b). Service on Chipotle may be obtained by serving Corporation Service Co., 1160 Dublin Rd., Suite 400, Columbus, Ohio 43215.

### II.     JURISDICTION

3.  This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3)

1

### III.    VENUE

4.  Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3) as the events relating to this matter occurred in the Eastern District of Ohio.

### IV.    ADMINISTRATIVE PREREQUISITES

5.  On March 3, 2024, Plaintiff filed a charge of sex / pregnancy discrimination with the Equal Employment Opportunity Commission bearing Charge No. 532-2024-01988. A copy is attached as Ex. A.

6.  More than 180 days have expired since the filling of this charge entitling Plaintiff to file this matter in federal court pursuant 42 U.S.C. §2000e-5(f)(1).

7.  On March 16, 2026,       Plaintiff received a Right to Sue letter from the EEOC. A copy is attached as Ex. B. This matter is being filed within 90 days of the receipt of this Right to Sue pursuant to 42 U.S.C. §2000e-5(f)(1).

### V.    BACKGROUND FACTS

8.  Plaintiff was interviewed on February 7, 2024, and subsequently hired for on February 8, 2024, a crew member position at Chipotle's Cuyahoga Falls, Ohio restaurant located at 2042 Portage Trail.

9.  During her interview conducted by Noah Cunningham, Grill Manager, She  told him that she had open availability.

10. At the conclusion of her February 8th interview Plaintiff was offered a crew member position.

11. On February 10, 2024, Plaintiff received her uniforms at the store and met with Chris LNU

12. During the onboarding Griffin told the assistant manager that she was pregnant and had a

2

weightlifting limit of 20 to 30 pounds per her physician. The assistant manager told her Chipotle could accommodate her weight restriction.

13. Plaintiff also told the assistant manager that she had another job at a Burger King restaurant but wanted the Chipotle job as it paid more and that Burger King would work around her Chipotle schedule. Again, the assistant manager told her that her other job was not a problem.

14. The onboarding could not be completed that day as the store was extremely busy and there was no one to complete Plaintiff's training.

15. On February 11, 2024, Cunningham contacted Plaintiff by text and informed her that her hiring had been rescinded and that he would not have hired her had he known she was pregnant.

16. Griffin was not allowed to complete her onboarding and training.

17. Plaintiff was terminated effective February 22, 2024.

18. Plaintiff delivered her child on July 28, 2024.

## VI. SEX DISCRIMINATION

19. Plaintiff reincorporates the allegations contained in paragraphs 1 through 18 inclusive as if set forth herein.

20. The foregoing conduct of Defendant in the termination of her employment constitutes sex discrimination in violation of The Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e-k.

21. As a result of Plaintiff's termination, she is entitled to recover lost wages and benefits in an amount to be determined at trial.

22. Plaintiff is also entitled to recover front-pay or future earnings for a reasonable period of time in an amount to be determined at trial

23. Defendant's conduct has also caused Plaintiff to suffer non-economic damages in the

form of mental anguish, anger and pain and suffering among other symptoms in an amount to be determined at trial.

24. Defendant's conduct was willful and intentional and warrant an award of punitive damages in an amount to be determined at trial pursuant to 42 U.S.C. §1981a(b).

25. Plaintiff is also entitled to recover her attorneys' fees and the costs of this action in an amount to be determined at trial pursuant to 42 U.S.C. §1988(b) and 42 U.S.C. §2000e-5(k).

## VII. VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

26. Plaintiff incorporates the allegations set forth in paragraphs 1 through 25 inclusive as if fully rewritten herein.

27. The failure to accommodate Plaintiff's pregnancy and the termination of her employment due to her pregnancy constitutes violation of the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg-1(1).

28. Defendant's refusal to accommodate Plaintiff's need for a weightlifting restriction and the subsequent required leave of absence constitutes a violation of 42 U.S.C. §2000gg-1(3) in that Griffin was denied employment opportunities as a result of her pregnancy.

29. Defendant also violated this Act by failing to engage in the interactive process as required by 29 C.F.R. § 1636.3(k) after Griffin requested an accommodation for her pregnancy.

30. As a result of Plaintiff's termination, she is entitled to recover lost wages and benefits in an amount to be determined at trial.

31. Plaintiff is also entitled to recover front-pay or future earnings for a reasonable period of time in an amount to be determined at trial

32. Defendant's conduct has also caused Plaintiff to suffer non-economic damages in the

form of mental anguish, anger and pain and suffering among other symptoms in an amount to be determined at trial.

33. Defendant's conduct was willful and intentional and warrant an award of punitive damages in an amount to be determined at trial pursuant to 42 U.S.C. §1988(b).

34. Plaintiff is also entitled to recover her attorneys' fees and the costs of this action in an amount to be determined at trial pursuant to 42 U.S.C. §1988(b) and 42 U.S.C. §2000e-5(k).

WHEREFORE, for the foregoing reasons Plaintiff requests judgment against as follows:

A. That Plaintiff be awarded her lost wages and benefits in an to be determined at trial;

B. That Plaintiff be awarded future benefits for a reasonable period of time in an amount to be determined at trial;

C. That Plaintiff be awarded non-economic damages for her mental anguish, pain and suffering and other damages in an amount to be determined at trial;

D. That this Court award Plaintiff punitive or exemplary damages for Defendant's intentional and / or reckless conduct;

E. That this Court award Plaintiff her reasonable and necessary attorneys' fees, the costs of this action and pre and post judgment interest; and

F. For such other and further relief as may be just and appropriate.

Respectfully submitted,

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308
(330) 410-2518
Email: fbenjaminr@msn.com

Counsel for Plaintiff

5

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 Plaintiff demands a trial by jury on all issues so triable.

*/s/ F. Benjamin Riek III*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 532-2024-01988 |

Ohio Civil Rights Commission — State or local Agency, if any — and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tara Griffin | 330-815-9699 | 05-19-2003 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4260 Americana Drive, Apt. 207 | Cuyahoga Falls, Ohio  44224 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Chipotle Mexican Grill | +15 | 330-922-8206 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2042 Portage Trail | Cuyahoga Falls, Ohio 44223 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☒ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Feb 10, 2023    Latest:
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On February 7, 2024 I was interviewed and hired for a crew member position on February 8, 2024 by Noah Cinningham, Chipotle Mexican Grill Manager. On February 10, 2023, I received my uniform and I discussed my scheduling and pregnancy with Chris LNU. On February 11, 2023 Noah Cunningham informed me by text that things would have been a whole lot different had he known my pregnant status before hiring me and that I was no longer employed and not to come in to work. I believe that that I have been discriminated against because of my pregnant status by Chipotle Mexican Grill in violation of the Pregnancy Discrimination Act of 1978 and the Pregnant Workers' Fairness Act of 2023.

As a result of Chipotle Mexican Grill's unlawful pregnancy discrimination, I was hired then terminated because of my pregnant status from a crew member position I was qualified to perform. I was told by Chris LNU, Assistant Manager, that they would not make me carry anything heavy, but place me on the front line. Under the PWFA, I was not afforded an opportunity for reasonable accommodation. I have been harmed by Chipotle Mexican Grill denying me gainful employment for which I was qualified and denied all benefits as a crew member.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Tara Griffin* |
| Date: 3-324   *Tara Griffin* — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 03-3-24 *Lawrence Mays* LAWRENCE MAYS Attorney At Law NOTARY PUBLIC STATE OF OHIO My Commission Has No Expiration Date Section 147.03 O.R.C. |

EXHIBIT
A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/16/2026

**To:** Ms. Tara Griffin
1215 Hunter's Lake Drive E
Cuyahoga Falls, OH 44221

Charge No: 532-2024-01988

EEOC Representative:           Legal Unit
(267) 589-9707

---

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2024-01988.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
03/16/2026

Karen McDonough
Acting Director



**EXHIBIT**

B

Cc:
Matthew Treco, Esq.
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, GA 30319

Melissa Tito
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, GA 30319

Betsy Bulat, Esq.
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, GA 30319

Kofi Semenya, Esq.
Chipotle Mexican Grill
500 Neil Avenue
Columbus, OH 43215

Seth Ort, Esq.
Chipotle Mexican Grill
610 Newport Centre Drive, Suite 1300
Newport Beach, CA 92660


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 532-2024-01988 to the District Director at Jamie Williamson, 801 Market Street, Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 532-2024-01988 to the District Director at Jamie Williamson, 801 Market Street, Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.